# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1952
_____

Anthony A. Browne,

*Plaintiff - Appellant,*

v.

Kimberly Reynolds, in her official capacity as the Governor of the State of Iowa;
Brad Kunkel, in his official capacity as the Sheriff of Johnson County, Iowa,

*Defendants - Appellees.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: May 13, 2025
Filed: September 2, 2025
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

COLLOTON, Chief Judge.

Anthony Browne was convicted of a forcible felony in Iowa in 1991. As a result, he is prohibited by Iowa law to possess firearms, to apply for restoration of firearms rights, or to receive a permit to acquire a handgun. He sued Governor Reynolds of Iowa and Sheriff Kunkel of Johnson County, Iowa, seeking relief from

the prohibitions on the ground that they violate the Second Amendment. The district court[*] dismissed the complaint for failure to state a claim, and we affirm.

## I.

In 1991, Browne was convicted in Iowa of committing willful injury causing serious injury to another, a Class C forcible felony, and criminal gang participation, a Class D felony. *See* Iowa Code §§ 708.4(1), 702.11(1), 723A.2 (1991). Iowa law generally forbids felons to possess firearms or to obtain a permit to acquire a handgun. *Id.* §§ 724.26(1), .15(1), .15(2)(b) (2023).

According to the complaint, Browne discharged his sentence in January 1998 and has behaved lawfully since then. He earned an undergraduate degree and secured gainful employment, including in one position that required him to obtain a security clearance. He paid all restitution, fines, and other financial obligations resulting from his 1991 convictions. Browne alleges that he now wants to keep a firearm for "hunting, target shooting, and home defense."

The governor has the "power to grant reprieves, commutations, and pardons, after conviction, for all offences except treason and cases of impeachment, subject to such regulations as may be provided by law." Iowa Const. art. IV, § 16. The Iowa Code provides that the governor's power includes the authority to restore rights of citizenship, including the right to bear arms. Iowa Code § 914.1. A person convicted of a criminal offense may apply to the governor for a pardon or restoration of rights. *Id.* § 914.2.

---

[*]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

A person convicted of a felony generally cannot possess a firearm in Iowa. *Id.* § 724.26(1). The prohibition does not apply to a person whose civil rights regarding firearms have been restored after a disqualifying conviction, *id.* § 724.27(1)(b), but this exception is not available to "a person who has been convicted of a forcible felony." *Id.* §§ 724.27(2), 914.7(1). A "forcible felony" is any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree, with certain exceptions not applicable here. *Id.* § 702.11 (1991). Browne was convicted of a forcible felony, so he cannot obtain a restoration of civil rights regarding firearms. *Id.* § 724.27(2) (2023).

Browne sued the governor and the county sheriff in state court, alleging that § 914.7, the statute declaring rights not restorable to persons convicted of a forcible felony, is unconstitutional as applied to him under the Second Amendment. [R. Doc. 1-2, at 8]. The defendants removed the case to federal court. The operative complaint requests three forms of relief: (1) a declaratory judgment that § 914.7 is unconstitutional as applied to him under the Second Amendment; (2) an order enjoining the governor from enforcing § 914.7; and (3) an order enjoining the sheriff from denying Browne a permit to acquire a handgun without first determining whether Browne is "currently dangerous" based on four specified factors.

The district court ruled that § 914.7 does not violate the Second Amendment as applied to Browne and dismissed his complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Browne also sought relief under the Iowa Constitution, and the court remanded that claim to state court. *See* 28 U.S.C. § 1367(c). Browne appeals the district court's dismissal of his federal claim, and we review the decision *de novo*.

II.

Before addressing the merits, the governor and the sheriff argue that Browne lacks standing to bring this suit. They argue that he pleads only a hypothetical injury because he does not allege that he has unsuccessfully applied for restoration of rights or for a gun permit. Browne alleges that he "would apply" if the disqualifying statutes were "declared unconstitutional."

A failure to submit an application does not deprive a plaintiff of standing if the attempt would have been futile. *Sporhase v. Nebraska ex rel. Douglas*, 458 U.S. 941, 944 n.2 (1982); *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1162 (8th Cir. 2008). In this case, the governor has no discretion to grant Browne a restoration of firearms rights under § 914.7 because Browne stands convicted of a forcible felony. The sheriff has no authority, based on a prediction about current dangerousness, to grant a handgun permit to a felon who is ineligible to possess firearms under § 724.26. Iowa Code § 724.17(1), .15(2)(b). Thus, it would be futile for Browne to apply for restoration of firearm rights or for a handgun permit, and he has standing to challenge the constitutionality of the statutes that make his putative application futile.

The governor points out that she could deny an application for restoration of rights as a matter of discretion even if Browne were eligible for restoration. But even where other factors might lead an official to deny relief, an applicant has standing to challenge the legality of a barrier that requires denial. *Sporhase*, 458 U.S. at 944 n.2. An order declaring the Iowa statutes unconstitutional would redress Browne's alleged procedural injury by allowing him an opportunity to seek restoration of rights or a gun permit. *See Dep't of Educ. v. Brown*, 600 U.S. 551, 561-62 (2023). We therefore conclude that he has satisfied the requirements of Article III standing.

-4-

On the merits, however, the district court correctly dismissed Browne's claim. This court held in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), *cert. denied*, 2025 WL 1426707 (U.S. May 19, 2025), that the federal prohibition on possession of firearms by felons is constitutional as a categorical matter. There is no need for a felony-by-felony analysis, and no requirement of an individualized determination of dangerousness as to each person in the class of prohibited persons. *Id.* at 1125-28; *accord United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025); *id.* at 894-900 (Pryor, C.J., concurring); *United States v. Duarte*, 137 F.4th 743, 747-48 (9th Cir. 2025) (en banc); *id.* at 768-72 (Collins, J., concurring in the judgment); *Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025); *United States v. Hunt*, 123 F.4th 697, 704-08 (4th Cir. 2024); *but see Range v. Att'y Gen.*, 124 F.4th 218, 228-32 (3d Cir. 2024) (en banc).

Browne's claim is an effort to make an end-run around *Jackson*. Although a legislature may dispossess forcible felons as a categorical matter, Browne argues that the State must make him eligible for restoration of firearms rights by the governor. He maintains that he is entitled to issuance of a handgun permit unless the sheriff concludes after an individualized determination that Browne is "currently dangerous." And it follows logically from his argument that the governor must restore a forcible felon's rights to possess firearms if he is not "currently dangerous" so that the sheriff may issue the requested permit.

Browne's argument is inconsistent with the relevant history and this court's conclusions in *Jackson*. Early-American legislatures ordered disarmament and authorized punishment of death for forcible felonies and even for some non-violent offenses. *Jackson*, 110 F.4th at 1127 (collecting sources); *see Dubois*, 139 F.4th at 895-96 (Pryor, C.J., concurring). As the D.C. Circuit explained in *Medina v. Whitaker*, 913 F.3d 152 (D.C. Cir. 2019), "it is difficult to conclude that the public, in 1791, would have understood someone facing death and estate forfeiture to be within the scope of those entitled to possess arms." *Id*. at 158. Even if some

-5-

legislatures chose to punish certain serious offenses by a term of years, death was the "standard penalty for all serious crimes," *Bucklew v. Precythe*, 587 U.S. 119, 129 (2019) (internal quotation omitted), and it would be imprudent to assume that founding-era legislatures maximally exercised their power to regulate or punish. *See United States v. Rahimi*, 602 U.S. 680, 739-40 (2024) (Barrett, J., concurring). Where death was historically accepted as a permissible punishment for forcible felonies, the lesser restriction of dispossession without opportunity for restoration of rights is also permissible. *See id*. at 699 (opinion of the Court).

Even if the historical tradition required an opportunity for restoration of rights to possess a firearm, moreover, Iowa provides that avenue through a gubernatorial pardon. A pardon exempts the recipient "from additional penalties and legal consequences in the form of disqualifications or disabilities based on his conviction." *Slater v. Olson*, 299 N.W. 879, 881 (Iowa 1941). Any attempt by the legislature to restrict a person's rights based on a pardoned conviction is "unconstitutional as a clear encroachment by the legislature upon the pardoning power" of the governor. *Id.* Browne may apply for a pardon from the governor, and the grant of a pardon would restore his rights to possess a firearm.

Browne contends that Iowa statutes would forbid him to possess a firearm even if he were granted a pardon. A statute provides that the prohibition on possession of firearms does not apply to a person who is eligible to have his civil rights regarding firearms restored, if the person's civil rights have been restored or the person is pardoned by the governor. Iowa Code § 724.27. Browne posits that because he is not eligible as a forcible felon to have his civil rights restored under § 914.7, the governor is unable to restore his firearms rights by granting a pardon.

Browne's argument misconstrues Iowa law. The governor's power to issue a pardon arises directly from the Constitution of the State of Iowa. Iowa Const. art. IV, § 16. There is no need for legislative authorization. "The Constitution vests the

-6-

pardoning power exclusively in the governor, and, because of the division of the powers of government . . . , neither the judiciary nor the legislature may interfere with or encroach upon this constitutional power lodged in the chief executive of the state." *Slater*, 299 N.W. at 881. When the governor issues a pardon, the recipient is relieved of disqualifications and disabilities based on his conviction: his rights of citizenship, including the right to possess firearms, are restored. That the legislature separately provided by statute for the restoration of firearms rights to certain offenders does not limit the constitutional authority of the governor to issue a pardon that restores rights of citizenship.

For these reasons, we conclude that the government has satisfied its burden to show that a lifetime restriction on the right of forcible felons to possess firearms, subject to a gubernatorial pardon, is consistent with the Nation's historical tradition of firearms regulation.

The judgment of the district court is affirmed.

_____